UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:23-cr-575

        Plaintiff,

    v.  MEMORANDUM OPINION
        AND ORDER

Kishan Vinayak Patel,

        Defendant.

### I. INTRODUCTION AND BACKGROUND

Defendant Kishan Vinayak Patel, along with six co-defendants, has been charged by indictment in a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (Doc. No. 21). The indictment arose after an investigation uncovered evidence the seven co-defendants were participants in a "phantom hacker scam[1]" resulting in victim losses in the hundreds of thousands of dollars. (*Id.* at 3-6). The Defendants were charged in the same indictment, as permitted by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 8(b) ("The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.").

---

[1] The indictment alleges a "phantom hacker scam" is a fraudulent scheme in which someone poses as a customer services employee for a company or bank and targets potential victims with claims that the victim's account has been hacked or compromised. (Doc. No. 21 at 2). The first person then directs the victim to another scammer posing as a law enforcement agent, who instructs the victim to transfer their funds into a specified bank account or to another third-party for "safe-keeping." The victim's funds are then stolen. (*Id.*).

Patel currently is detained pending trial, (Doc. No. 29), and he has filed a motion seeking a trial date within 90 days of the date of his arrest, pursuant to 18 U.S.C. § 3164(b). (Doc. No. 35). He also objects to Magistrate Judge Darrell A. Clay's exclusion of time from December 19, 2023 until January 22, 2024. (*See* non-document order dated December 18, 2023). Pursuant to my order, the government has filed a brief in response in Patel's motion. (Doc. No. 39).

Subsequently, Defendant Pranay Kumar Mamidi also filed a motion for a trial date and objected to the exclusion of time. (Doc. No. 52). The government has not responded to this motion.

For the reasons stated below, I deny both motions and overrule the objections.

## II. DISCUSSION

The Speedy Trial Act provides that the trial of a case involving "a detained person who is being held in detention solely because he is awaiting trial" may not commence "later than ninety days following the beginning of such continuous detention." 18 U.S.C. § 3164(a)(1). The Act further provides that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id.* § 3164(b). The periods of delay contained in § 3161(h) are automatically excluded from a defendant's speedy trial clock. *Henderson v. United States*, 476 U.S. 321, 327 (1986).

Currently, the most pertinent of the exclusions found in § 3161(h) is that contained in subsection (6), which provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Exclusions that apply to one defendant apply to all co-defendants. *United States v. Holyfield*, 802 F.2d 846, 847-48 (6th Cir. 1986) (citing cases). *See also United States v. Cope*, 312 F.3d 757, 767-77 (6th Cir. 2002).

Patel and Mamidi object to the exclusions from the Speedy Trial clock of the period from December 19, 2023 through February 28, 2024. (Doc. No. 35 at 1; Doc. No. 52 at 1). Neither defendant identifies a basis for their objection to this exclusion. And because this period of exclusion without question applies to those co-defendants who have not objected, it applies equally to Patel and Mamidi. Therefore, I deny their objections based upon the plain language of § 3161(h)(6).

Mamidi also argues "his right to a speedy trial . . . outweighs Plaintiff's request for joinder of Defendants for trial." (Doc. No. 52 at 1-2). Mamidi does not cite to any caselaw in support of his argument, which runs directly counter to clearly established precedent. "The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded." *United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987). "Congress thus explicitly recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice [feeling that] the efficiency and economy of joint trials <u>far outweighed</u> the desirability of granting severance where the criterion was simply the passage of time." *Id.* (quoting *United States v. Otero-Hernandez*, 743 F.2d 857, 859 (11th Cir. 1984) and *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982)) (internal quotation marks omitted) (alteration by *Monroe*) (emphasis added).

Neither Mamidi nor Patel have moved to sever their trials from those of their co-defendants. Therefore, they fail to show there is any basis to object to exclusion of time between December 19, 2023 and February 28, 2024 from their Speedy Trial clocks.

3

Further, as the government notes, this case involves complex allegations and a substantial amount of discovery.[2] Patel and Mamidi fail to show this case could practicably be brought to trial within 90 days of the date of their detention.

I conclude the Speedy Trial Act as applied in this case does not require that the Defendants be brought to trial within 90 calendar days of the date of their arrests and affirm the Speedy Trial exclusions which have been entered so far in this case.

### III. CONCLUSION

For the reasons stated above, I deny the motions to set a trial date filed by Patel and Mamidi and overrule their objections to the speedy trial exclusions. (Doc. Nos. 35 and 52).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[2] Indeed, it appears discovery remains ongoing. Another co-defendant, Hiren Jagdishbhai Patel, filed a notice of request for discovery on January 28, 2024, after both Patel and Mamidi filed their motions for a trial date. (Doc. No. 53)