UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:23-cr-575

        Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

Dileep Kumar Sakineni, *et al.*,

        Defendants.

## I.    INTRODUCTION

Defendants Pranay Kumar Mamidi and Kishan Vinayak Patel each filed a motion to sever. (Doc. No. 65; Doc. No. 66). The government opposes both motions. (Doc. No. 67). Only Patel filed a reply. (Doc. No. 70). For the reasons stated below, I deny both motions.

## II.    BACKGROUND

Along with five other co-defendants, Pranay Mamidi and Kishan Patel were each charged with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Doc. No. 21 at 1). Mamidi, Patel, and others are alleged to have participated in a "phantom hacker scheme," which begins when a person posing as a customer service employee at a company or bank convinces a victim their account has been compromised. (*Id.* at 2-3). The fake customer service representative then refers the victim to a person posing as a law enforcement agent who steals and launders the victim's money. (*Id.*). The government contends Mamidi sent and received text messages with the names and locations of victims in furtherance of the conspiracy. (*Id.* at 4). The

government contends Patel, pretending to be an undercover detective, picked up $40,000 in cash from a victim of the scheme. (*Id.* at 6).

These motions follow from Mamidi and Patel's objections to my exclusion of time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h). (*See* non-document orders dated January 23, 2024, February 29, 2024, and March 29, 2024). I previously denied Mamidi and Patel's joint motion for a trial date within 90 days, noting that "[n]either defendant identifies a basis for their objection" to my exclusion of time. (Doc. No. 61 at 3). I also rejected Mamidi's argument that "his right to a speedy trial . . . outweighs Plaintiff's request for joinder of Defendants for trial." (*Id.* (quoting Doc. No. 52 at 1-2)).

### III. DISCUSSION

Individuals may be charged as co-defendants if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)). A conspiracy charge generally provides an adequate basis for holding a single trial. *See, e.g., United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006). Neither Mamidi nor Patel challenges the Government's initial decision to try the seven defendants in this case together under a single-count indictment for conspiracy to commit money laundering. (*See* Doc. No. 65; Doc. No. 66; Doc. No. 70).

If the joinder of two or more defendants "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). But severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). With this in mind, a jointly-indicted defendant cannot succeed on a motion to sever unless they "show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Whether to sever a defendant is within the trial court's "wide discretion." *Gardiner*, 463 F.3d at 472 (quoting *United States v. Breinig*, 70 F.3d 850, 852 (6th Cir. 1995)).

"[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated." *United States v. DeJesus*, 887 F.2d 114, 116 n.1 (6th Cir. 1989) (internal citations and quotation marks omitted). I have already rejected Mamidi and Patel's objections to my exclusion of time from the Speedy Trial Act clock. (*See* Doc. No. 61). Mamidi and Patel do not challenge those exclusions in their motions to sever, and they do not make any argument under the four-part framework used to analyze speedy trial claims brought under the Sixth Amendment itself. (*See* Doc. No. 65; Doc. No. 66); *see, e.g.*, *United States v. Young*, 657 F.3d 408, 414-20 (6th Cir. 2011) (determining an eleven-year delay did not violate the defendant's right to a speedy trial under the Sixth Amendment).[1]

Instead, they contend that failing to sever would impair their Sixth Amendment right to a speedy trial because their co-defendants may cause further delays, they are prepared to proceed to

---

[1] Mamidi and Patel suggest that any reasonable delay of trial caused by their co-defendants should not be attributable to either of them under 18 U.S.C. § 3161(h)(6) because "[a]lthough [Mamidi and Patel are] charged with co-defendants, none are 'joined for trial' at this time." (Doc. No. 65 at 3; Doc. No. 66 at 3). But Mamidi, Patel, and five others are jointly charged with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Doc. No. 21 at 1). And absent any pre-trial resolution of this case, all defendants will be tried together. *See United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) ("As a general rule, persons jointly indicted should be tried together."). Similarly, "excludable time attributable to . . . co-defendants is likewise attributable to" a specific defendant in a jointly-tried case. *United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991).

trial now, and their right to a speedy trial generally outweighs the efficiency interests in trying all seven defendants together. (Doc. No. 65 at 3-4; Doc. No. 66 at 2-5).[2]

But their arguments are speculative. Rather than identify any specific past or future delay to which they object, Mamidi and Patel instead note it is "unknown how long it will take" for their co-defendants to decide whether to proceed to trial and that other co-defendants "could" file other pretrial motions which might cause further delays of uncertain length. (Doc. No. 65 at 3-4; Doc. No. 66 at 3). These vague possibilities cannot, on their own, justify severance. *See United States v. Vazquez*, 2023 WL 3324674 at *13 (E.D. Ky May 9, 2023) ("speculation of prejudice" cannot justify severance) (citing *United States v. Gjokaj*, 555 F. App'x 581, 587-88 (6th Cir. 2014)); *United States v. Reesor*, 10 F. App'x 297, 307 (6th Cir. 2001) ("vague speculation that jurors might have had some preconceived notion" about him insufficient to justify severance); *United States v. Flores*, 510 F. Supp. 558, 563 (S.D. Ohio 2020) ("speculation about the possible introduction of co-defendants' out-of-court statements" failed to justify severance).

Mamidi and Patel cite *United States v. Byrd*, 466 F. Supp. 2d 550 (S.D.N.Y. 2006) to support their argument that pretrial delays can justify severing a defendant's trial. (*See* Doc. No. 65 at 4; Doc. No. 66 at 3). But Mamidi and Patel's circumstances do not remotely approach those at issue in *Byrd*. There, a delay of over a year caused by some defendants' eligibility for the death penalty justified severing the trial of a non-death penalty eligible defendant. *Byrd*, 466 F. Supp. 2d at 552-53. Conversely, in this case, all defendants are charged with the same conspiracy offense, and Mamidi

---

[2] In addition to the speedy trial argument, Mamidi states, "In the present case, having reviewed the discovery, there may be 'Bruton' issues in that there [are] statements by the parties inculpating other parties." (Doc. No. 66 at 5 (referencing *Bruton v. United States*, 391 U.S. 123, 124, 137 (1968)). This lone statement aside, Mamidi does not attempt to explain how the mere possibility the Government may seek to introduce parties' inculpatory statements at trial justifies severing his trial at this time. I conclude Mamidi has failed to show "compelling, specific, and actual prejudice" from any *Bruton* issues and I reject his argument. *Gardiner*, 463 F.3d at 473; *see also United States v. Taylor*, 640 F. Supp. 3d 757, 763 (E.D. Ky. 2022) (rejecting a *Bruton*-based argument because "[n]one of the Movants identified a specific co-defendant statement that warrants *Bruton* protection").

and Patel have merely speculated about what their codefendants *might* do and how long it *could* delay trial in this case without offering any evidence it will be so.

Finally, Patel argues: "If his case is not severed, he remains in pretrial detention while the case continues at a pace determined by his co-defendants and the government. This flies in the face of his right to a speedy trial." (Doc. No. 70 at 2). But Patel cites no law to support this proposition. (*See id.*). Moreover, courts routinely deny motions to sever where a case has been reasonably delayed to accommodate the pretrial needs of other codefendants. *See, e.g.*, *United States v. Bozeman*, No. 3:11–CR–129, 2012 WL 1071207 at *7-8 (E.D. Tenn. March 29, 2012) (denying a motion to sever because a seven-month delay to allow codefendants time to "review . . . discovery, file pretrial motions, and prepare for trial" was reasonable); *see also* 18 U.S.C. § 3161(h)(6) (allowing the exclusion of time from the Speedy Trial Act clock for a "reasonable period of delay when the defendant is joined for trial with a codefendant").

Neither Mamidi nor Patel has shown "compelling, specific, and actual prejudice" would arise if their cases remain joined with their co-defendants. *Saadey*, 393 F.3d at 678.

### IV. CONCLUSION

For the reasons stated above, I conclude Mamidi and Patel have not met their burdens under Rule 14(a). Mamidi and Patel's motions to sever their cases from those of their co-defendants, (Doc. No. 65; Doc. No. 66), are denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge